UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARIA BROWN, | : |
| Plaintiff, | : CIVIL NO. 1:19-CV-00641-PB |
| v. | : |
| TOWN OF SEABROOK, NH, MICHAEL RABIDEAU, WILLIAM MANZI AND JASON JANVRIN. | : |
| Defendants. | : |

## JOINT DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** 09/18/2019 via e-mail

**COUNSEL PRESENT/REPRESENTING:**
　Benjamin King, Douglas, Leonard & Garvey, P.C., for plaintiff.
　Thomas Closson, Jackson Lewis, P.C., for defendants Town of Seabrook, Michael Rabideau and William Manzi.
　Joshua Hilliard, Maggiotto, Friedman, Feeney & Fraas, P.L.L.C., for defendant Jason Janvrin.

## CASE SUMMARY

**THEORY OF LIABILITY:** Sexual harassment under Title VII and the New Hampshire Law Against Discrimination (Counts I and III), Retaliation under Title VII and the New Hampshire Law Against Discrimination (Counts II and IV).

**THEORY OF DEFENSE:** Denial of allegations made by Plaintiff; denial of liability and damages.

**DAMAGES:** Per the Complaint, plaintiff seeks to recover lost wages and employment benefits, as well as damages for emotional distress, humiliation, inconvenience, and loss of enjoyment of life, plus enhanced compensatory damages, reasonable attorneys' fees, interest and costs.

**DEMAND:** At mediation.

**OFFER:** At mediation.

**JURISDICTIONAL QUESTIONS:** None.

B5019795.1

**QUESTIONS OF LAW:** None.

**TYPE OF TRIAL:** Jury

## SCHEDULE

**TRACK ASSIGNMENT:** Standard

**TRIAL DATE:** The 2-week period beginning November 1, 2020.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** Not applicable.

**AMENDMENT OF PLEADINGS:**

   Plaintiff: December 3, 2019          Defendant: January 3, 2020

**JOINDER OF ADDITIONAL PARTIES:**

   Plaintiff: December 3, 2019          Defendant: January 3, 2020

**THIRD-PARTY ACTIONS:** Not applicable

**MOTIONS TO DISMISS:** January 3, 2020

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORT AND SUPPLEMENTATIONS:**

   Plaintiff: March 16, 2020          Defendant: May 15, 2020

Supplementations under Rule 26(e) due: Sixty (60) days prior to trial.

**COMPLETION OF DISCOVERY:** July 1, 2020, except that any further expert discovery necessitated by supplementation of an expert's written report shall be permissible up to thirty (30) days prior to trial.

**MOTIONS FOR SUMMARY JUDGMENT:** August 1, 2020

**CHALLENGES TO EXPERT TESTIMONY:** September 15, 2020

## DISCOVERY

**DISCOVERY NEEDED:** The parties anticipate conducting discovery regarding the terms and conditions of plaintiff's employment and plaintiff's duties and responsibilities; the plaintiff's allegations of sexual harassment and/or retaliation and the plaintiff's reports to Town officials regarding same; the Town's actions relating to the plaintiff's allegations of harassment and/or

retaliation; but not limited to, plaintiff's job functions and performance; plaintiff's alleged protected activity; the circumstances attendant to, and the reasons underlying, the decision to neither renew nor hold a meeting to discuss renewing plaintiff's contract; and plaintiff's alleged damages.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Disclosures in accordance with Fed. R. Civ. P. 26(a)(1) will be served by October 18, 2019.

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**
A maximum of 15 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**
A maximum of 10 depositions by plaintiff(s) and 10 by defendant(s). Each deposition, other than plaintiff and individual defendants, limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: The parties will take appropriate steps to preserve all relevant electronic information related to the claims in this case and will notify third parties to preserve all relevant electronic information as warranted. In connection with any demand for electronic documents, the parties agree to cooperate with one another in identifying search terms and appropriate custodians. Unless it is cost prohibitive, any electronic information produced in this litigation shall be provided in a manner most easily accessible to the non-producing party at the non-producing party's option. Unless otherwise ordered by the Court, the producing party shall bear the cost of any such production. However, if the non-producing party requests a more expensive or cumbersome form of production than could be otherwise undertaken by the producing party, the parties will assume joint and equal responsibility for the expenses. Issues not addressed by this paragraph will be addressed as the case progresses.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after

production: The parties agree to comply with Fed. R. Civ. P. 26(a)(5) and create a privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

Upon receipt of written notice of an alleged inadvertent disclosure, the receiving party, without prejudice to contesting the applicability of any claim of privilege or attorney work product, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection and they agree the dispute is substantive, the party asserting the existence of such privilege or protection shall promptly file a motion for protective order with the Court.

## **OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:** Cannot be evaluated at this time, given that no pretrial discovery has yet occurred.

**JOINT STATEMENT RE: MEDIATION:** The parties will notify the Court by March 31, 2020 whether mediation will occur and, if so, the mediation will take place by May 15, 2020.

**TRIAL ESTIMATE:** Five (5) days, exclusive of jury selection.

**WITNESSES AND EXHIBITS:**
- Witness and exhibit lists, included in final pretrial statements, are due 10 days before the final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not request a preliminary pretrial conference but plan on attending the September 26, 2019, preliminary pretrial conference unless the Court cancels it.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendants claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendants shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 15 days before the plaintiff's expert disclosure deadline. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**OTHER MATTERS:** In the event a discovery dispute arises, the parties agree to contact the Magistrate Judge prior to the filing of motions.

Respectfully submitted,

| | |
|---|---|
| **Plaintiff,** | **Defendants,** |
| **Maria Brown** | **Town of Seabrook, NH, Michael Rabideau and William Manzi** |
| | |
| By: /s/ Benjamin T. King | By: /s/ Thomas M. Closson |
| Benjamin T. King [NH Bar #12888] | Thomas M. Closson [NH Bar #9966] |
| benjamin@nhlawoffice.com | thomas.closson@jacksonlewis.com |
| Douglas, Leonard & Garvey, P.C. | Jackson Lewis, P.C. |
| 14 South Street, Suite 5 | 100 International Drive, Suite 363 |
| Concord, New Hampshire 03301 | Portsmouth, NH 03801 |
| (603) 224-1988 | (603) 559-2729 |

-and-

**Defendant,**
**Jason Janvrin**

By: /s/ Joshua S. Hilliard
Joshua S. Hilliard [NH Bar #265632]
jhilliard@mffflaw.com
Maggiotto, Friedman, Feeney & Fraas, P.L.L.C.
58 Pleasant Street
Concord, NH 03301
(603) 232-5469

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Benjamin T. King
Benjamin T. King